UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 06-407-JBC**

**DAVID MANNING,**     **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income (DE 9, 13).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520. If it is determined during the process that the claimant is not disabled, then the analysis ceases at that step. *Mowery v. Heckler*, 771 F.2d 966, 969 (6th Cir. 1985); 20 C.F.R. § 404.1520(a)(4).

**II. The ALJ's Determination**

The claimant is a fifty-eight-year-old male with a high-school-equivalent

education and past work as a maintenance worker, carpenter, assembly line worker, lumber yard worker, and security officer. AR 102, 465, 469-76. The claimant alleges disability beginning on June 1, 1999, as a result of a heart condition, arthritis, depression, and foot problems. AR 64, 79, 476, 480-84, 486-87. The plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 31, 2003, which was denied initially and on reconsideration. AR 38-42, 53-55. After a hearing held on December 15, 2004, Administrative Law Judge ("ALJ") Don C. Paris determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 17-21. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the claimant's impairments or combination of impairments are not severe, precluding a finding that the claimant is disabled. AR 20. The ALJ found that the impairments do not significantly limit the claimant's ability to perform basic work-related activities. *Id.* On October 10, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 8-10, and the plaintiff then commenced this action.

### III. Legal Analysis

The claimant argues that the ALJ's determination that his impairments are not severe is not supported by substantial evidence. A non-severe impairment is one that does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Basic work activities include the

abilities and aptitudes necessary to do most jobs. 20 C.F.R. § 404.1521(b)(1)-(6). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985)); *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 691-92 (6th Cir. 1985); Social Security Ruling ("SSR") 85-28.

At step 2, the claimant bears the burden of proving that his impairments are severe. 20 C.F.R. § 404.1512(a). Nonetheless, an ALJ should not conclude that a claimant's condition is non-severe if the ALJ "is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities." SSR 85-28. If the effect of the claimant's impairments is not clear, the ALJ should continue the 5-step evaluation. *Id.* However, if the medical evidence shows that the claims lack merit, then there is no reason to consider age, education and experience. *Higgs*, 880 F.2d at 862-63.

The ALJ found that the claimant has the following medically determinable impairments: atypical chest pain, very mild chronic obstructive pulmonary disease ("COPD"), controlled hypertension, plantar fibromatosis, generalized osteoarthritis complaints, and is status-post left foot bunionectomy. AR 20. The claimant contends that his foot problems, depression, and COPD are severe impairments that significantly limit his ability to perform work-related activities. Based on the

4

evidence in the record, the ALJ found that the claimant's impairments do not significantly limit his ability to work.

There is substantial evidence in the record to support the ALJ's finding that the claimant's impairments are not severe. A consultative examiner found that the cause of the chest pain was unclear and was non-cardiac, and found that the claimant's COPD was mild. AR 108. Different tests and studies performed on the claimant demonstrate that his impairments are not severe, including a stress test that was negative, an echocardiogram that was negative for ischemia, and pulmonary function studies that show his COPD is mild. AR 135, 159, 164-69, 259, 324. The claimant's hypertension is well controlled with medications. AR 106-108, 223, 356. The claimant's range of motion is only mildly diminished by his arthritis. AR 108. The surgeries on the claimant's feet were generally successful and he reported reduced pain, even zero pain, following the surgeries. AR 207-09, 228, 231, 244-45.

The claimant argues that the ALJ should give great weight to the opinion of his treating physician, Deborah Photos, who stated that the claimant has undergone multiple surgeries to both feet and that his impairment causes pain in his feet when standing and walking. AR 443. The ALJ considered Dr. Photos's opinion but found that it was inconsistent with the physician's own treatment notes. Dr. Photos's notes document that the claimant's foot surgeries were successful. AR 120, 228, 231, 245. Following one surgery, the claimant reported that his pain

5

level was zero and that he was happy with the surgery. AR 244-45. A physician's opinion is given less weight if the opinion is not supported by the evidence, if it is not consistent with the record, or if it is internally inconsistent. *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (finding that the Secretary was not bound by the physician's opinion of disability when he provided conflicting opinions throughout the time period at issue); 20 C.F.R. §§ 404.1527. The ALJ found that Dr. Photos's statement, that the claimant should not engage in employment that requires standing or walking, is not entitled to any weight because it is not supported by the evidence and is not consistent with the physician's own treatment records. AR 19, 443.[1]

The claimant also contends that the ALJ did not properly consider his subjective complaints, including those regarding his foot pain and breathing problems. The claimant's testimony regarding his symptoms, such as pain, is considered by the ALJ to the extent it "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(3). The ALJ did not directly address whether the claimant's complaints of pain were credible. However, the ALJ properly considered the evidence and addressed the same factors used to assess the credibility of a claimant, including the following: the intensity of the claimant's pain, the

---

[1] The ALJ also refers to Dr. Photos's statement as "a conclusory post-hearing statement" because it was received by the claimant's counsel the day after the hearing held by the ALJ. AR 19.

effectiveness of the claimant's medications, the claimant's surgeries and their accompanying relief of the pain, and other factors concerning the claimant's functional limitations.[2] *Felisky v. Bowen*, 35 F.3d 1027, 1038 (6th Cir. 1994). Thus, the ALJ followed a parallel analysis in reaching the conclusion that the claimant's impairments were not severe and, by implication, found the plaintiff less than fully credible. Although the ALJ should have directly assessed the claimant's credibility, the court deems this omission a harmless error. A district court may look to any evidence in the record, to see whether the ALJ's findings are based upon substantial evidence. *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528 (6th Cir. 2001).

This is the claimant's third application for disability and the Commissioner's previous findings are binding on the current adjudication. The claimant's February 14, 2000, application, alleging disability beginning June 30, 1998, was denied on April 24, 2000, and the claimant did not appeal. An ALJ's September 21, 2002, decision denying benefits was affirmed by the Appeals Council and the claimant did not further appeal his application that alleged disability beginning June 15, 2000. AR 17. An ALJ's findings are binding on subsequent ALJ decisions unless there is new and material evidence showing that the decision should not be binding.

---

[2] The ALJ discussed that "the etiology of the [chest] pain is unclear," the claimant's COPD was very mild, the hypertension "is controlled with medications," the foot surgeries were successful, the bunionectomy procedure relieved the claimant of his foot pain, and examination did not reveal limited range of motion or abnormal joints. AR 19.

*Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) ("When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances."). The previous ALJ found that the claimant's impairments were not severe. The ALJ in the present matter found that no new evidence was presented that showed a significant change in the claimant's medical condition since the prior final decision. AR 20. The claimant did not present new and material evidence of a severe impairment, and, therefore, the ALJ in the present matter found that he was bound to adopt the prior decision's finding of no severe impairments. *Id.*

After considering the entire record, the ALJ concluded that the claimant does not have any impairment or impairments that significantly limit his ability to perform basic work-related activities. The court finds that the ALJ's step-two determination that the claimant does not have a severe impairment is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 9) is **DENIED**.



Signed on March 25, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY